UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
COMCAST OF MASSACHUSETTS I,         )
INC.,                               )
      Plaintiff                     )
                                    )
      v.                            )    CIVIL ACTION
                                    )    NO. 04-11844-REK
WILLIAM ANTOS,                      )
      Defendant                     )
_____)
```

**Memorandum and Order**
April 26, 2006

### I.  Pending Matters

Pending for decision are matters related to the following filing:

Plaintiff's Motion for Default Judgment (Docket No. 9, filed February 27, 2006).

### II.  Factual and Procedural History

This case is an action for unlawful interception of cable television signals.  On August 24, 2004, plaintiff filed this suit against defendant for defendant's alleged use of one statutorily prohibited electronic device to descramble and intercept plaintiff's cable television signals in violation of Section 553 of Title 47 of the United States Code.  (Docket No. 1.)  On October 15, 2004, plaintiff filed a request for an entry of default judgment against defendant (Docket No. 5), and a notice of default against defendant was issued on November 2, 2005 (Docket No. 6).  After the notice of default was issued, plaintiff filed a motion for default judgment on February 27, 2006.  (Docket No. 9.)

### III.  Analysis

After notice of default against defendant, plaintiff has now appropriately filed a motion for default judgment that contains a calculation of plaintiff's damages.  Defendant did not file an opposition to plaintiff's motion.  I find that plaintiff has proved $4,500 in damages and therefore award default judgment against defendant in that amount.  I also award plaintiff $196.40 in costs and $663 in attorney's fees.

**A.     Findings of Fact**

A default, which exists here, constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages.  <u>Greyhound Exhibitgroup, Inc.</u> v. <u>E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2nd Cir. 1992).  Thus, considering both defendant's default and plaintiff's affidavits, I find that plaintiff has pleaded and proved the following facts:

(1) On or before August 29, 2001, defendant was in possession of a certain illegal descrambling device ("Black Box").

(2) Comcast received an anonymous tip that defendant was using the Black Box in March 2000.

(3) On May 17, 1999, defendant returned to plaintiff a descrambler but never asked for a replacement for this descrambler.

(4) The period from defendant's return of the legal descrambler until plaintiff's return of the Black Box constitutes slightly over 27 months.

(5) The average monthly charge for the premium channels that defendant had access to, over and above the non-premium stations for which he was actually paying, was $65.

(6) The average cost for pay-per-view movie offerings during the 27-month period

was $3.95 per movie.

(7) The average cost for more expensive pay-per-view offerings (such as adult movies) during the 27-month period was $8 per movie.

**B.     Statutory Damages**

Plaintiff first requests that this court enter $4,500 in statutory damages pursuant to Section 553(c)(3)(A)(ii) and Section 553(c)(3)(B) of Title 47 of the United States Code for the unauthorized interception of signals through the use of a descrambling device as set forth in the complaint.  I find that plaintiff is entitled to $4,500 in statutory damages.

Section 553 provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."  47 U.S.C. § 553(a)(1) (1992).  In this case, no doubt exists that defendant's conduct subjects him to liability under Section 553.  In terms of damages under Section 553, an aggrieved party can recover two types of damages - actual and statutory.  47 U.S.C. § 553(c)(3)(A).  If the aggrieved party is awarded statutory damages, the aggrieved party may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just.  47 U.S.C. § 553(c)(3)(A)(ii).

As I stated in Comcast of Massachusetts I, Inc., l/k/a AT&T Broadband v. Naranjo, however, Section 553 provides little guidance as to the determination of statutory damages, stating only that the court should select a "just" amount no less than $250 and no more than $10,000.  303 F.Supp.2d 43, 45 (D. Mass. 2004).  The determination of statutory damages is thus within the court's discretion.  Previously, I have awarded as "just" statutory damages as

3

"reasonable an estimate of actual damages as the facts...allow." Naranjo, 303 F.Supp.2d at 48.

Plaintiff argues that the allegation of twenty-seven months of use can be supported by the fact that defendant returned the descrambler provided by plaintiff on May 17, 1999, and was then found to have a Black Box working to descramble all stations at the end of August 2001. I find that plaintiff issued cable to defendant from May 17, 1999, to August 29, 1999, for a total of twenty-seven months. I must still estimate, however, how much and how often defendant engaged in the unauthorized interception of cable. Id. at 49.

Plaintiff submits that its suggested total of $136.50 in usage per month accounts for defendant's use of (i) the premium channels received over and above what he was paying for basic services ($65), (ii) ten pay-per-view movies ($3.95 per movie), and (iii) four of the more expensive pay-per-view offerings ($8 per event). I agree with plaintiff as to its estimate of monthly damages and find that $136.50 is a fair estimate of actual damages. See id. at 49 (finding that cost of additional premium service, ten pay-per-view movies, and four additional pay-per-view selections at a higher rate than pay-per-view movies totaling $139 constituted estimated actual damages per month). Thus, estimated actual damages for twenty-seven months total $3,685.50.

    **1.**    **Enhanced Damages**

In terms of increasing the award of statutory damages, pursuant to Section 553(c)(3)(B), plaintiff argues that defendant's conduct in this case warrants $814.50 in enhanced damages.

"In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may

increase the award of damages, whether actual or statutory...by an amount of not more than $50,000." 47 U.S.C. § 553(c)(3)(B). Conversely, "[i]n any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $100." 47 U.S.C. § 553(c)(3)(C). Thus, if I find that defendant has willfully committed an offense under Section 553(a) for private or commercial gain, the increase in statutory damages will be based solely on the court's discretion.

In Charter Communications Entertainment I, LLC v. Burdulis, Judge Saylor found that "under ordinary circumstances, the acts of purchasing a descrambler and installing it are sufficient, standing alone to demonstrate willfulness. A descrambler has no legal use, and it would be unusual, to say the least, for a person to use such a device non-willfuly." 367 F.Supp.2d 16, 30 (D. Mass. 2005). Therefore, plaintiff's allegations in the complaint as well as the allegations in the affidavit of Michael Wood, a Security Investigator trained in and familiar with cable technology, descrambling methodology, and black market descrambling technology, satisfy the first element of the standard for enhanced damages under Section 553(c)(3)(B) because the allegations establish that defendant was using the Black Box to defeat plaintiff's encoding and scrambling technology.

The second element that must be established for enhanced damages is that the violation must have been committed "for purposes of commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B). In this case, plaintiff does not allege that defendant's actions were for purposes of commercial advantage. Thus, the only issue is whether defendant's actions were for private financial gain. Section 553 does not define the term "private financial gain."

Instead, Section 605, the section addressing the unauthorized transmission of wire or radio signals, defines "private financial gain" as "not includ[ing] the gain resulting to any individual for the private use in such individual's dwelling unit of any programming for which the individual has not obtained authorization for that use." 47 U.S.C. § 605(d)(5). Section 553, however, enacted after Section 605, contains no such restriction. Thus, it seems clear, as Judge Saylor noted, "as evidenced by the difference in the statutes, Congress intended to exclude from the definition of 'private financial gain' the gain resulting from an individual's private home use in § 605, but not in § 553. As a consequence, the gain resulting from an individual's private home use **does** constitute 'private financial gain' under § 553." Burdulis, 367 F.Supp.2d at 31 (emphasis in original).

I agree with Judge Saylor and find that "[a]n individual's use of a descrambler to obtain cable programming without paying for it constitutes 'private financial gain' within the meaning of the statute, absent unusual circumstances." Id. at 32. Therefore, I find that plaintiff is entitled to an award of enhanced damages but I must still decide the amount of enhanced damages that plaintiff should receive. Judge Saylor found that "[t]o maintain some semblance of consistency with the case law in this circuit, the [c]ourt...adopt[s] the position that a $1,000 enhanced damages penalty is the presumptively correct amount for single violations by individual subscribers." Id. at 33. Still, the award of enhanced damages to a plaintiff is within the discretion of the court. See id. at 32 (noting that "the amount of enhanced damages that have been awarded by the courts appears to be somewhat arbitrary and, for the most part, not based on any specific articulated factors"). In cases where enhanced damages have exceeded $1,000 in this circuit, the defendants have magnified their illegal cable pirating behavior by distributing "free" cable to other members of the public in exchange for money. See, e.g., Joe Hand Promotions, Inc. v. Salinetti,

6

148 F.Supp.2d 119, 123 (D. Mass. 2001) (adding $2500 in enhanced damages under § 605 where club illegally exhibited boxing match to patrons); Mountain Cable Co. v. Choquette, 53 F.Supp.2d 107, 113 (D. Mass. 1999) (awarding enhanced damages of $3,000 where, over the course of several years, landlord distributed illegally intercepted cable service to his tenants as part of their rent).

In this case, plaintiff has provided no evidence that defendant distributed descrambled signals to anyone else, nor has it shown that defendant acted with particular malice. I thus believe that plaintiff's proposed enhanced damages of $814.50 will serve as a deterrent to defendant's behavior and will put defendant "on notice that it costs less to obey the...laws than to violate them." Rodgers v. Eighty Four Lumber Co., 623 F.Supp. 889, 892 (D.C. Pa. 1985) (quoting Music City Music v. Alfa Foods, Ltd., 616 F.Supp. 1001, 1003 (E.D. Va. 1985)). Furthermore, I believe that others in defendant's position will also be deterred by an enhanced damages award of $814.50 per violation. See Joe Hand Promotions, 148 F.Supp.2d at 123 (noting that defendants should have been aware that "their statutory violations would result in an enhancement of damages as a future deterrent not only for them but to others"). Moreover, the case law on this issue suggests that a more modest award than the standard $1,000 award is warranted for defendant's behavior in this case. See, e.g., Cablevision Systems New York City Corp. v. Loshkin, 980 F.Supp. 107, 110 (E.D.N.Y. 1997) (reducing Magistrate's recommended award of $10,000 enhanced damages to $1,500 where defendant received premium pay-per-view services for over six years); Columbia Cable TV Co., Inc. v. McCary, 954 F.Supp. 124, 128 (D.S.C. 1996) (awarding $25 enhanced damages for each of 340 decoders distributed by defendant).

**2.    Award**

Therefore, I award plaintiff enhanced damages in the amount of $814.50. This enhancement increases the total amount of statutory damages to $4,500.

**C.     Injunctive Relief**

Plaintiff argues that it is entitled to injunctive relief against defendant pursuant to Section 553(c)(2)(A). The court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of [Section 553(a)]." 47 U.S.C. § 553(c)(2)(A). Courts routinely enter injunctions preventing defendants from illegally intercepting cable. See, e.g., Naranjo, 303 F.Supp.2d at 50; Burdulis, 367 F.Supp.2d at 33. I agree with plaintiff and therefore issue a permanent injunction against defendant.

**D.     Attorneys' Fees and Costs**

Plaintiff argues that it is entitled to an award of reasonable attorneys' fees in the amount of $663 and costs in the amount of $196.40 pursuant to Section 553(c)(2)(C). I agree that plaintiff is entitled to an award of reasonable attorneys' fees and costs. I therefore award plaintiff $859.40 in reasonable attorneys' fees and costs.

Section 553(c)(2)(C) authorizes this court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." With regard to attorneys' fees, this circuit has followed the "lodestar" approach, which calculates reasonable attorneys' fees as "the number of hours reasonably expended multiplied by a reasonable hourly rate." Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir. 1980).

To this end, plaintiff has submitted an affidavit from its attorney, John M. McLaughlin, in support of plaintiff's motion for default judgment. Within this affidavit, Mr. McLaughlin states that his "usual hourly rate is $200.00" and that "[t]he usual hourly rate of the

8

paralegals in [his] firm is $90.00." (Docket No. 9, Exh.1.) Mr. McLaughlin states that he has expended a total of 3.0 hours on this case reviewing and drafting plaintiff's complaint and default motion documents. (Id.) Mr. McLaughlin also states that his paralegal has expended 0.7 hours on this case drafting plaintiff's complaint. (Id.)

I find that a total of 3.0 hours for an attorney and 0.70 hours for a paralegal to spend on this case is reasonable. See Doucette, No. 03-11779-REK at 4 (finding that 6.0 hours of attorney time and 5.3 hours of paralegal time in cable piracy case were "a reasonable expended number of hours"). I also find that Mr. McLaughlin's hourly rate of $200 and his paralegal's hourly rate of $90 are reasonable. See id. (finding that "hourly rates of $200 for attorney time and $90 for paralegal time [in a cable piracy case were] reasonable hourly rates"). Therefore, the fees associated with the efforts of both Mr. McLaughlin and the paralegal are $663, and I find that this amount is reasonable.

Plaintiff also submits that it has incurred total costs of $196.40, which includes the filing fee of $150 and the sheriff's service fee of $46.40. I award plaintiff these costs.

Thus, I award to plaintiff $859.40 in reasonable attorneys' fees and costs.

**E.     Post-Judgment Interest**

Plaintiff argues that it is entitled to post-judgment interest accruing on the judgment pursuant to Section 1961 of Title 28 of the United States Code. I agree with plaintiff and award it post-judgment interest.

"Interest shall be allowed on any money judgment in a civil case recovered in a district court...Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield...for the calendar week

9

preceding the date of the judgment." 28 U.S.C. § 1961(a). Thus, plaintiff is entitled to post-judgment interest on the statutory damages, reasonable attorney's fees awarded to plaintiff in this case, as well as the costs associated with this case.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion for Default Judgment (Docket No. 9) is ALLOWED; and

(2) The Clerk is ordered to enter the following Final Judgment:

    (i) Plaintiff is entitled to judgment against the defendant.
    (ii) The amount to be awarded is $4,500 in statutory damages and $859.40 in reasonable attorneys' fees and costs.
    (iii) The court hereby enjoins defendant William Antos, his respective agent's servants, employees, and any person or entity controlled directly or indirectly by the defendant or acting on the defendant's behalf from the further modification and/or use of electronic equipment designed for the unauthorized interception of signals in violation of provisions of Title 47.
    (iv) Plaintiff is entitled to post-judgment interest on the monetary awards pursuant to 28 U.S.C. § 1961(a) at the federal judgment rate applicable on the date of final judgment.
    (v) This case is closed.

                                              ____/s/Robert E. Keeton_____
                                                      Robert E. Keeton
                                        Senior United States District Judge